Citation Nr: 1452684 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 09-49 483 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for gastroesophageal cancer, claimed as stomach cancer, as a result of herbicide and asbestos exposure.

2. Entitlement to service connection for liver cancer, diagnosed as secondary to esophageal cancer due to metastasis, as a result of herbicide and asbestos exposure.

3. Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: North Carolina Division of Veterans Affairs



WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. Pelican, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from April 1967 to January 1971. The Veteran died in February 2009. The Appellant is the Veteran's surviving spouse.

These matters come before the Board of Veterans' Appeals (the Board) on appeal from an April 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

This case was previously before the Board in August 2012 and May 2014, when it was remanded for additional development. In the August 2012 remand, the Board referred the issues of entitlement to service connection for liver and gastroesophageal cancers on a substitution basis. The RO issued Supplemental Statements of the Case addressing the claims on a substitution basis in May 2013 and October 2014, but did not issue an original Statement of the Case on the matters. Although the service-connection claims and cause of death claim differ in terms of what elements are required to be proven, the underlying facts of these claims are essentially the same in that the service-connection claims are for the conditions that caused the Veteran's death. In this regard, the Board notes that the Appellant's December 2009 Substantive Appeal (which was submitted within one year of the April 2009 rating decision which denied service connection for liver cancer and gastroesophageal cancer) and May 2011 travel board hearing testimony identified the issues on appeal and contained specific arguments relating to the alleged errors of fact made by the RO. See 38 C.F.R. § 20.202 (2014); see also Archbold v. Brown, 9 Vet. App. 124, 132-33 (1996) (holding that the issuance of a Statement of the Case was not an absolute requirement for the acceptance of a Substantive Appeal). While the August 2012 remand indicated that the appellant had not filed a notice of disagreement as to those claims, further review of the record reveals that her May 2009 notice of disagreement expressed disagreement with all adjudicative determinations in the rating decision. Additionally, the RO twice considered the Appellant's claims on the basis of all the evidence of record and not just the evidence of record at the time of the Veteran's death. Thus, the Board construes the May 2013 Supplemental Statement of the Case as a Statement of the Case on the service-connection claims, and the Appellant's December 2009 Substantive Appeal and May 2011 hearing testimony as a substantive appeal as to those issues. See Archbold, 9 Vet. App. 132-33; see also Percy v. Shinseki, 23 Vet. App. 37 (2009) (VA may, through its actions, waive a timeliness issue with respect to the filing of a Substantive Appeal). The Board finds that the fact that the appellant received a Supplemental Statement of the Case instead of a Statement of the Case amounts to no more than harmless error and results in no prejudice to her, given the fact that the Supplemental Statement of the Case embodies the corrective action taken to remedy the procedural defect caused by not furnishing a Statement of the Case for the service connection claims in response to the notice of disagreement. Accordingly, the Board properly has jurisdiction of the service-connection claims.

The Appellant had a hearing before the undersigned Veterans' Law Judge (VLJ) in May 2011. A transcript of that proceeding has been associated with the claims file.

The Board has not only reviewed the physical claims file but also the electronic claims file to ensure a total review of the evidence.



FINDINGS OF FACT

1. Gastroesophageal cancer was not shown in service or within the first post-service year, and has not been shown to be etiologically related to a disease, injury, or event in service, to include exposure to asbestos.

2. Liver cancer was not shown in service or within the first post-service year, and has not been shown to be etiologically related to a disease, injury, or event in service, to include exposure to asbestos.

3. The Veteran's death certificate indicates he died in February 2009; and the immediate cause of death was gastroesophageal carcinoma.

4. At the time of the Veteran's death, service connection was not in effect for any disability; hence, a service-connected disability did not cause or contribute substantially or materially to the Veteran's death.

5. The Veteran served aboard the aircraft carrier U.S.S. America in the offshore waters of Vietnam during the Vietnam era; the evidence does not show that the Veteran had any service on the inland waterways ("brown water") of Vietnam, or that he stepped foot on the soil of Vietnam during the Vietnam era.


CONCLUSIONS OF LAW

1. Gastroesophageal cancer was not incurred in active service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2014).

2. Liver cancer was not incurred in active service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2014).

3. A disability incurred in or aggravated by active service did not cause or contribute substantially or materially to the cause of the Veteran's death. 38 U.S.C.A. §§ 1110, 1116, 1310, 1318, 7104 (West 2014); 38 C.F.R. §§ 3.22, 3.307, 3.309, 3.312 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board has reviewed all the evidence in the claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted by or on behalf of the Appellant. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (noting that the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claims. The Appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (explaining that the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

VA satisfied its duty to notify the Appellant pursuant to the Veterans Claims Assistance Act of 2000 (VCAA). 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a), 4.2 (2014).

The VCAA requires VA to assist a claimant at the time he or she files a claim for benefits. As part of this assistance, VA is required to notify claimants of the evidence that is necessary, or would be of assistance, in substantiating their claim, and provide notice that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b)(1) (2014); Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); Dingess v. Nicholson, 19 Vet. App. 473, 486 (2006).

All notice under the VCAA should generally be provided prior to an initial decision on a claim by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

A February 2009 letter from VA notified the Veteran of how to substantiate a service connection claim, notified the Veteran of the allocation of responsibilities between himself and VA, and of how ratings and effective dates are assigned. 
A letter from VA dated in March 2009 notified the Appellant of how to substantiate a service connection claim, and of the allocation of responsibilities between herself and VA, as well as how ratings and effective dates are assigned. The letter also informed the Appellant that the Veteran was not service-connected for any conditions at the time of his death and explained the evidence and information necessary to substantiate a dependency and indemnity compensation (DIC) claim based on a condition not yet service-connected. See Hupp v. Nicholson, 21 Vet. App. 342 (2007). Therefore, the duty to notify is satisfied.

VA's duty to assist under the VCAA includes helping the claimant obtain service treatment records and other pertinent records, as well as performing an examination or obtaining a medical opinion when one is necessary to make a decision on the claim. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (2014).

Here, the Veteran's service treatment records and private treatment records are in the claims file. The Appellant has not identified any other records or evidence that remains outstanding. Thus, the duty to obtain relevant records on the Appellant's behalf is satisfied. See 38 C.F.R. § 3.159(c) (2014).

A Veterans Health Administration (VHA) opinion was obtained in April 2012. As will be discussed in greater detail below, the examiner reviewed the Veteran's medical history and claims-file, and provided an opinion supported by a rationale such that the Board can render an informed determination. The Board, therefore, concludes that the VHA opinion is adequate for the purposes of rendering a decision in the instant appeal. See 38 C.F.R. § 4.2 (2014); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

As noted above, the Appellant was afforded a hearing before the undersigned VLJ during which she presented oral argument in support of the service connection for cause of death claim. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (the Court) held that 38 C.F.R. § 3.103(c)(2) (2014) requires that the VLJ/DRO who chairs a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the VLJ explained the issues on appeal and agreed to hold the record open for an additional 60 days so the Appellant could submit additional medical evidence in the form of a positive nexus opinion linking the Veteran's cancer to his reported in-service asbestos exposure or herbicide exposure. Significantly, the Appellant has not asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) (2014), nor has she identified any prejudice in the conduct of the Board hearing. By contrast, the hearing focused on the elements necessary to substantiate the claim, and the Appellant, through her testimony, demonstrated that she had actual knowledge of the elements necessary to substantiate her claim. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2) (2014).

The Appellant has been accorded the opportunity to present evidence and argument in support of her claims. Accordingly, VA's duty to notify and assist under the VCAA is satisfied, and the Board may proceed with appellate review.

Stegall Considerations

As previously noted, the Board remanded this case for further development in August 2012 and May 2014. In August 2012, the Board referred to the RO the claims of entitlement to service connection for liver cancer and gastroesophageal cancer on a substitution basis. The jurisdictional matter was already addressed above. In May 2014, the Board specifically instructed the RO to obtain from the Social Security Administration (SSA) complete copies of any determinations and related records pertaining to a claim for disability benefits made by the Veteran, and to contact the Joint Services Records Research Center (JSRRC) to research whether the U.S.S. America docked on the shores or piers of Vietnam, operated temporarily on the inland waterways or operated on Vietnam's close coastal waters for extended periods, during the period from April 1968 to January 1971. The RO contacted the SSA and received a response indicating that the Veteran never filed a claim for disability benefits, which was confirmed by the Appellant. See August 2014 Statement. The RO also contacted the JSRRC with the specified inquiry, and received a detailed response in September 2014 stating that there was no indication that the U.S.S. America docked in the Republic of Vietnam or transited the country's inland waters, or that the ship's personnel stepped foot in the country. See September 2014 JSRRC Memorandum. Thus, there has been substantial compliance with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (noting that where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

Legal Criteria

Service connection may be established for a disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1110 (West 2014). That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b) (2014). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d) (2014).

To establish service connection on a direct basis, a claimant must show: (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999).

Under 38 U.S.C.A. § 1310(a) (West 2014), when a Veteran dies from a service-related disability, VA will pay DIC to such Veteran's surviving spouse. To establish that a Veteran died from a service-related disability, i.e., service connection for the cause of death, the evidence must show that a disability that was incurred in or aggravated by service was either a principal or contributory cause of death. 38 C.F.R. § 3.312 (2014).

For a service-connected disability to be the principal cause of death, it must singularly or jointly with some other condition be the immediate or underlying cause of death, or be etiologically related thereto. 38 C.F.R. § 3.312(b) (2014). For a service-connected disability to be a contributory cause of death, it must be shown that it contributed substantially or materially, that it combined to cause death, or aided or lent assistance to the production of death. In this regard, it is not sufficient to show that the service-connected disability causally shared in producing death; rather, it must be shown that there was a causal connection. 38 C.F.R. § 3.312(c)(1) (2014).

In determining whether the disability that resulted in the death of the Veteran was the result of active service, the standards and criteria applicable to service connection claims generally are to be applied. See 38 U.S.C.A. § 1310(a) (West 2014).

The Board considered the Appellant's contentions regarding the Veteran's presence in Vietnam. Veterans who served in Vietnam are presumed to have been exposed to toxic herbicides. Certain listed diseases are presumed service connected in such veterans that are presumed to have been exposed to Agent Orange. 38 U.S.C.A. § 1116(a)(1),(2), (f) (West 2014); 38 C.F.R. §§ 3.307(a)(6)(iii), 3.309(e) (2014). However, gastroesophageal cancer is not one of the presumptive diseases listed under VA regulations. The Board further notes that the Veteran served aboard the U.S.S. America during the Vietnam era. The evidence of record, including photographs, letters, and personnel records submitted by the Appellant, as well as her May 2011 testimony, provide no confirmation that the Veteran stepped foot in Vietnam or that he served aboard one of the Navy vessels that operated on the inland waterways of Vietnam (brown water). Moreover, the JSRRC concluded that there was no indication that the U.S.S. America docked in Vietnam or transited inland waters, or that any service members aboard the U.S.S. America from April 1968 through January 1971 stepped foot in the Republic of Vietnam. See September 2014 JSRRC reply.

In light of the above, the Board finds that the evidence does not show that the Veteran was exposed to herbicide agents in service. 

Gastroesophageal and Liver Cancer

With respect to the first Hickson element, a current diagnosis, during the pendency of the claim, the Veteran had diagnoses of adenocarcinoma of the esophagus and extensive hepatic metastasis, likely arising from a mass at the gastroesophageal junction. Thus, the first Hickson element is satisfied.

As to the second Hickson element, in-service incurrence or aggravation of a disease or injury, the Veteran's service treatment records provide no indications of cancer, or of any esophagus or liver problems. However, the Veteran's MOS was as an electrician, and the RO conceded that such an MOS was considered a high exposure occupation to potential illness related to asbestos exposure. Thus, the second Hickson element is satisfied.

With respect to the crucial third Hickson element, nexus, the Board requested a VHA opinion in July 2012 regarding the etiology of the Veteran's gastroesophageal cancer. The examiner noted that the Veteran had imaging done that revealed a gastroesophageal mass with numerous metastatic lesions in the liver, and that a subsequent diagnosis of undifferentiated adenocarcinoma was made. The examiner noted the Veteran's probable exposure to asbestos during service. The examiner concluded that there was no indication for consideration of any role of asbestos exposure in the causation of the Veteran's cancer. The examiner explained that the treating pathologist unequivocally diagnosed the cancer as undifferentiated adenocarcinoma, and discussed how no association between adenocarcinoma of the gastroesophageal junction and asbestos has been suggested. The examiner further supported his conclusion by noting that the biopsy tissue showed pure adenocarcinoma and that no asbestos bodies were seen in the tissue, adding that the pathology diagnosis of adenocarcinoma was without any doubt. The record contains no competent medical evidence to the contrary. 

When assessing the probative value of a medical opinion, the access to the claims file and the thoroughness and detail of the opinion must be considered. The opinion is considered probative if it is definitive and supported by detailed rationale. See Prejean v. West, 13 Vet. App. 444, 448-49 (2000). "It is the factually accurate, fully articulated, sound reasoning for the conclusion, not the mere fact that the claims file was reviewed, that contributes probative value to a medical opinion." See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). In this case, the Board finds the VHA opinion to be highly probative as it was based on a thorough review of the Veteran's medical history and supported by a detailed rationale.

To the extent that the Appellant believes the Veteran's cancer was related to service, the Board acknowledges that she is competent to provide testimony concerning factual matters of which she has firsthand knowledge, such as observing symptoms experienced by the Veteran. See Barr v. Nicholson, 21 Vet. App. 303 (2007); Layno v. Brown, 6 Vet. App. 465, 469 (1994) (noting that personal knowledge is that which comes to the witness through the use of senses - that which is heard, felt, seen, smelled, or tasted). Moreover, laypersons are competent to provide opinions on some medical issues. Kahana v. Shinseki, 24 Vet. App. 428 (2011).

However, as to the etiology of the Veteran's cancer, the issue of causation is a medical determination outside the realm of the common knowledge of a layperson. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Specifically, the Appellant is not competent to render an opinion as to the cause of the Veteran's cancer because the evidence does not indicate that she has the requisite medical knowledge or training. Rucker v. Brown, 10 Vet. App. 67, 74 (1997). Thus, although the Board has carefully considered the lay contentions of record suggesting that the Veteran's cancer was related to service, the Board ultimately affords the objective medical evidence of record, which failed to find a connection between the Veteran's cancer and his asbestos exposure, greater probative weight.

Based on the evidence of record cited herein, the Board concludes that the evidence for the claims of entitlement to service connection for gastroesophageal and liver cancer, to include as due to asbestos exposure, is outweighed by the evidence against the claim. As the preponderance of the evidence is against the claims, the Board is left with no recourse but to find that service connection is not warranted.


Service Connection for Cause of Death

As detailed above, establishing service connection for cause of death requires (1) evidence of death, (2) evidence of in-service incurrence or aggravation of a disease or injury, and (3) medical evidence of a nexus between the claimed in-service disease or injury and death. Cf. Hickson, 12 Vet. App. at 253 (1999).

Regarding the first element, the death certificate of record shows that the Veteran died in February 2009. The Veteran's death certificate listed his cause of death as gastroesophageal cancer.

With respect to the second and third elements, at the time of the Veteran's death, he was not service-connected for gastroesophageal cancer, or any other disability. Service connection for gastroesophageal cancer has been denied, as discussed in greater detail above. Given that gastroesophageal cancer was the cause of the Veteran's death, and as the preponderance of the evidence is against finding that it was related to service, service connection for the Veteran's cause of death must also be denied. Thus, the Board finds that a service-connected disability was not the principal or contributory cause of death. 38 C.F.R. § 3.312(b), (c) (2014).

Lastly, the Board has considered whether 38 U.S.C.A. § 1318 (West 2014) is applicable to this case. Under 38 U.S.C.A. § 1318, VA death benefits may be paid to a deceased Veteran's surviving spouse in the same manner as if the Veteran's death is service-connected, even though the Veteran died of nonservice-connected causes, if the Veteran's death was not the result of his or her own willful misconduct and at the time of death, the Veteran was receiving, or was entitled to receive, compensation for a service-connected disability that was rated by VA as totally disabling for a continuous period of at least 10 years immediately preceding death; or was rated totally disabling continuously since the Veteran's release from active duty, and for a period of not less than five years immediately preceding death; or was rated by VA as totally disabling for a continuous period of not less than one year immediately preceding death if the Veteran was a former prisoner of war who died after September 30, 1999. 38 U.S.C.A. § 1318 (West 2014); 38 C.F.R. § 3.22 (2014).

As previously stated, the Veteran had no service-connected disabilities at the time of his death, and was not entitled to receive compensation for any disability. Accordingly, there are no service-connected disabilities that were rated by VA as totally disabling for a continuous period of at least 10 years immediately preceding the Veteran's death, and there were no service-connected disabilities that were continuously rated totally disabling for a period of not less than five years from the date of his January 1971 service separation. Additionally, the Veteran was not a former prisoner of war. Therefore application of 38 U.S.C.A. § 1318 (2014) is not warranted.

In denying these claims, the Board does not wish in any way to diminish the Veteran's service. Although it is sympathetic to the Appellant's claims, the Board is without authority to grant the claims on an equitable basis and instead is constrained to follow the specific provisions of law. See 38 U.S.C.A. § 7104 (West 2014); Harvey v. Brown, 6 Vet. App. 416, 425 (1994).

 (CONTINUED ON NEXT PAGE)



ORDER

Entitlement to service connection for gastroesophageal cancer is denied.

Entitlement to service connection for liver cancer is denied.

Entitlement to service connection for the Veteran's cause of death is denied.



____________________________________________
S.S. TOTH
Veterans' Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs